IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dana Fetherson, *302558*, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Lieutenant Monty Lee Blackmon, Lancaster )<br>County Sheriff Office, County of Lancaster, )<br>)<br>Defendants. )<br>_____ ) | C/A No. 0:16-3189-JFA-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Dana Fetherson, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint has been filed pursuant to 28 U.S.C. §§ 1915 & 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process as to Defendants Lancaster County Sheriff's Office and Lancaster County.

**I.     Procedural Background**

Plaintiff alleges Defendant Lieutenant Blackmon of the Lancaster County Sheriff's Office obtained a warrant for Plaintiff's arrest without probable cause and without a warrant affidavit. (ECF No. 1 at 5.) He also claims Blackmon lied to a grand jury about witnessing a murder to secure an indictment against him. (Id. at 7.) He claims the other defendants are liable because they are responsible for Blackmon's conduct. (Id.) He claims Blackmon's conduct caused Plaintiff mental pain and suffering and emotional distress. (Id. at 8.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this action, Plaintiff alleges he was falsely arrested and imprisoned because of



Defendant Blackmon's conduct, in violation of the Fourteenth Amendment. He further claims Defendants Lancaster County Sheriff's Office and Lancaster County are responsible for Blackmon's conduct. However, for the reasons stated below, the court finds Defendants Lancaster County Sheriff's Office and Lancaster County should be dismissed from this action because Plaintiff fails to state a claim against them upon which relief can be granted.

Defendant Lancaster County Sheriff's Office should be summarily dismissed because it is not a "person" amenable to suit under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); see also Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities), aff'd, 878 F.2d 379 (4th Cir. 1989) (table). Also, to the extent Plaintiff is suing the "office," rather than the sheriff in his official capacity, the "office" is also not a person amenable to suit under § 1983. See Harden v. Green, 27 F. App'x 173, 178 (4th Cir. Nov.19, 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."); English v. S.C. Dep't of Corr. Mental Health, C/A No. 1:12-511-JFA-SVH, 2012 WL 3062655 (D.S.C. June 28, 2012) ("[G]roups of people are not amenable to suit under § 1983."); Pitt v. Perry Corr. Inst. Med. Staff, C/A No. 0:09-1000-MBS-PJG, 2011 WL 704487 at *2 (D.S.C. Jan. 24, 2011) ("The use of the term 'staff' or the equivalent as a name for alleged defendants, without naming specific staff members, is not adequate to state a claim against a 'person' as required in § 1983 actions."); Shadoan v. Florence Cty. Det. Ctr. Med. Dep't, No. 8:12-CV-2908 DCN JDA, 2013 WL 6408347, at *2 (D.S.C. Dec. 6, 2013).

Defendant Lancaster County should also be dismissed because in South Carolina, counties have no association with the sheriff's offices, even though they often share similar names. Counties



are corporate, local political subdivisions, see S.C. Code Ann. § 4-1-10, whereas the sheriff's offices are arms or agents of the state. See Gulledge, 691 F. Supp. at 955 ("South Carolina's county governing bodies have no measurable control over the appointment, discharge, duties, or policies of the sheriff and his deputies.") (internal quotations omitted). Accordingly, even if Defendant Lancaster County were amenable to suit, Plaintiff's conclusory allegation that it was responsible for the conduct of Defendant Blackmon, a lieutenant in the Lancaster County Sheriff's Office, fails to state a claim upon which relief can be granted.

### III.  Conclusion

For the foregoing reasons, it is recommended that Defendants Lancaster County Sheriff's Office and Lancaster County be dismissed without prejudice and without issuance and service of process.[2]

October 28, 2016  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

---

[2] The court, by contemporaneous order, has authorized the Plaintiff to proceed with issuance and service of process on Defendant Blackmon.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).